UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
VINODH RAGHUBIR,

                Plaintiff,

        - against -

JUDGE BRIAN COGAN, and USDC EDNY
OFFICE OF THE CLERK OF COURT, ALL
STAFF,

                Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
21-CV-6705

PAMELA K. CHEN, United States District Judge:

On November 22, 2021, Plaintiff Vinodh Raghubir, a formerly incarcerated person residing in Orlando, Florida, filed this action *pro se* pursuant to 42 U.S.C. § 1983 against the Honorable Brian M. Cogan, U.S.D.J., and the staff of this district's Clerk of Court office. He alleges that Defendants violated his rights over the course of a civil lawsuit that was briefly pending in this Court, *Raghubir v. United States of America,* 21-CV-5456 (BMC). Plaintiff seeks damages. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. This action is dismissed without leave to amend.

## BACKGROUND

**I.    Plaintiff's Litigation History and Filing Restrictions**

Although this is only Plaintiff's third action in this district, according to the federal courts' database, Plaintiff has filed 211 cases in federal courts, including more than one hundred in the United States Court of Appeals for the Eleventh Circuit and more than forty in the United States District Court for the Middle District of Florida, Orlando Division. *See* Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) (last visited March 25, 2022).

By Order dated October 8, 2021, the Middle District of Florida, Orlando Division, entered a Filing Restriction Order ("MDFL Order") requiring any future submission by Plaintiff to be reviewed by a judicial officer before filing. (*See Raghubir v. United States,* No. 21-CV-1617 (PGB) (LRH) (M.D. Fla. Oct. 8, 2021), ECF No. 3.) The MDFL Order directs that if the submission is "abusive, frivolous, scandalous, duplicitous otherwise impertinent," an order "so finding" will be entered in the miscellaneous case created for that purpose, the submission will be returned to Plaintiff, and he shall be subject to a $500 sanction per case and "any other sanctions as the Court deems appropriate." (*Id.* at 3–5.) The MDFL Order, however, also provides that if the action is found to be arguably meritorious and is not abusive, frivolous, or duplicitous, an order so stating and directing the Clerk of Court to file the complaint/pleading shall be entered. (*Id.*) Plaintiff has filed a notice of appeal with respect to the MDFL Order. (*Raghubir,* No. 21-CV-1617 (M.D. Fla. Mar. 30, 2022), ECF No. 36.[1])

**II.    Prior Action**

Plaintiff filed *Raghubir v. United States,* 21-CV-5456 (BMC) ("*Raghubir I*") in this Court on September 29, 2021, seeking to challenge his Florida conviction and the conditions of his confinement while incarcerated by the Florida Department of Corrections. The action was assigned to Judge Cogan. Because the action bore no connection to this district, by Order dated October 14, 2021, Judge Cogan ordered that it be transferred to the United States District Court for the Middle District of Florida. (*Raghubir I*, Dkt. 4.) Subsequently, by Order dated November 1, 2021, the action was dismissed by the Florida District Court. (*Raghubir v. United States*, 21-

---

[1] Because Plaintiff filed multiple improper *in forma pauperis* cases while incarcerated, pursuant to 28 U.S.C. § 1915(g), Plaintiff is also barred from filing any more *in forma pauperis* cases while incarcerated. *See Raghubir v. United States*, No. 20-CV-445 (N.D. Fla Dec. 23, 2020), ECF No. 11. As noted, however, Plaintiff does not appear to be incarcerated at present.

2

CV-1714 (M.D. Fla. Nov. 2, 2021), ECF No. 24.) Since the MDFL Order was entered after the transferred case was filed, the restrictions were not applied. The case is pending before the United States Court of Appeals for the Eleventh Circuit.

### III. Instant Complaint

Plaintiff files this action to challenge Judge Cogan's decision to transfer his prior case to the Middle District of Florida, and for clerical actions taken after the case was transferred. He alleges that the Court "evad[ed] the true nature" of his complaint by ignoring his "jurisdictional statement, the asserted statutes, factual allegations in their entirety, falsifying facts and entering a knowingly void order" (Dkt. 1 at 6), and asserts that the Clerk's Office should have docketed his two motions to vacate in this district despite the case having already been transferred to the Middle District of Florida, which he alleges "operated to deprive the plaintiff of ALL rights illegally." (*Id.*)

### STANDARD OF REVIEW

A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court construes plaintiff's *pro se* pleadings liberally, particularly because they allege civil rights violations. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1,* 537 F.3d 185, 191–93 (2d Cir. 2008). Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons,* 470 F.3d 471, 474–76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

3

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly,* 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly,* 550 U.S. at 557).

## DISCUSSION

Plaintiff's allegations against Defendants arise from actions that Defendants took in connection with *Raghubir I*. Specifically, he asserts that Judge Cogan was wrong to transfer his case and that the Clerk's Office employees incorrectly processed motions that he allegedly submitted to this Court after his case was transferred. As set forth below, the action is dismissed because Defendants are immune from this lawsuit.

It is well settled that judges have absolute immunity for their judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Judicial immunity "is not overcome by allegations of bad faith or malice," nor can judges "be deprived of immunity because the action [the judge] took was in error ... or was in excess of [the judge's] authority." *Mireles*, 502 U.S. at 11, 13 (second alteration in original). Judicial immunity may only be overcome where (1) the challenged acts were not taken in the judge's judicial capacity or (2) the acts, "though judicial in nature, [were] taken in the complete absence of all jurisdiction." *Id.* at 11–12; *accord Gross v. Rell*, 585 F.3d 72, 82 (2d Cir. 2009). "A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit." *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999). Plaintiff fails to assert any plausible claim that suggests that Judge Cogan was without

4

jurisdiction or acted outside his judicial capacity.  Thus, Judge Cogan is absolutely immune from suit in this matter.

The unnamed Clerk's Office staff members who allegedly refused Plaintiff's submissions are also absolutely immune from this lawsuit.  Absolute judicial immunity extends to non-judicial officers who perform acts that are "'functionally comparable' to that of a judge" or "are integrally related to an ongoing judicial proceeding."  *Mitchell v. Fishbein*, 377 F.3d 157, 172 (2d Cir. 2004) (citations omitted).  This quasi-judicial immunity applies when individuals are "performing discretionary acts of a judicial nature."  *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988).  Court clerks, in particular, are immune from suit "for performance of tasks which are judicial in nature and an integral part of the judicial process."  *Rodriguez v. Weprin,* 116 F.3d 62, 66 (2d Cir. 1997); *see also McKeown v. N.Y. State Comm'n on Judicial Conduct*, 377 F. App'x 121 (2d Cir. 2010) (grievance committee counsel); *Stephens v. Sullivan & Cromwell LLP*, No. 15-CV-1251 (LGS), 2015 WL 1608427, at *3 (S.D.N.Y. Apr. 9, 2015) (county clerk).  In addition, court clerks "are absolutely immune from suit for 'functions which are administrative in nature if the task was undertaken pursuant to the explicit direction of a judicial officer or pursuant to the established practice of the court.'"  *Lewis v. Wolfe*, No. 21-CV-6949 (LTS), 2021 WL 4865317, at *2 (S.D.N.Y. Oct. 14, 2021) (quoting *Garcia v. Hebert*, No. 08-CV-0095 (DFM), 2013 WL 1294412, at *12 (D. Conn. Mar. 28, 2013)).

Thus, the unnamed Clerk Office's staff are immune from suit based on their execution of Judge Cogan's order transferring this case to the Middle District of Florida.  They also are immune from suit with respect to their alleged refusal to vacate Judge Cogan's transfer order.  While this district's Local Rule 83.1 requires a seven-day waiting period before transfer, in *Raghubir I*, Judge Cogan waived the seven-day waiting period.  (*Raghubir I*, ECF No. 4.)  Accordingly, *Raghubir I*

5

was transferred electronically to the transferee court as soon as Judge Cogan's Order was entered by the Court's docketing clerk on October 14, 2021. Pursuant to the Court's established practice, an entry was made indicating that any future submissions should be filed in the transferee court. (*See id.* ("FILINGS ARE TO BE MADE IN THE TRANSFER COURT, DO NOT DOCKET TO THIS CASE.").) Once the case was docketed in the Middle District of Florida on October 15, 2021, this Court was divested of its jurisdiction, including its ability to consider a motion to challenge the transfer order. *In re Nw. Airlines Corp.*, No. 05-17930 (ALG), 2008 WL 4755377, at *3 (S.D.N.Y. Oct. 28, 2008). Plaintiff does not state when he submitted his "motions to vacate doc4," which were allegedly "refused" by the Clerk's office. (Dkt. 1 at 6.) But, pursuant to this district's established procedures, any submissions received after the case was opened in the transferee court would not be docketed in this district's closed case. Accordingly, the actions allegedly taken by the unnamed Clerk's office staff members in Plaintiff's Complaint— transferring the action and declining to docket submissions in this district after a case had been opened in the transferee court—were administrative actions "undertaken pursuant to the explicit direction of a judicial officer or pursuant to the established practice of the Court," for which they are immune from suit. *Lewis*, 2021 WL 4865317, at *2.

## CONCLUSION

For the reasons explained above, the Complaint in this case is dismissed because it is frivolous and seeks monetary relief against Defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i), (iii). The Court has considered affording Plaintiff a chance to amend the complaint, *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), but declines to do so because it views the opportunity as futile since a review of the Complaint does not suggest that Plaintiff has inadequately or inartfully pleaded any potentially viable claims.

Further, the Court warns Plaintiff that it will not tolerate frivolous litigation and that if he persists in filing frivolous actions, the Court may enter an order barring the acceptance of any future complaint for filing in this district without first obtaining leave of the Court to do so. 28 U.S.C. § 1651; *Iwachiw v. N.Y. State Dept of Motor Vehicles*, 396 F.3d at 529 (2d Cir. 2005); *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (*per curiam*) (A district court has the authority to issue a filing injunction when "a plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." (internal quotation marks omitted)).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment in favor of Defendants, mail a copy of this Order and the judgment to Plaintiff, note the mailing on the docket, and close the case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 11, 2022
      Brooklyn, New York

7